UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-3127 |
| | ) | |
| S.A. GODINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Sheridan Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that he instructed the trust fund office at his prison to send a $200 check to Plaintiff's mother, to help Plaintiff's mother with medical expenses. According to trust fund records, the check was disbursed from Plaintiff's prison account but never cashed. Plaintiff eventually told the trust fund office that his

mother had never received the check, and he asked that the check be voided and his account reimbursed $200. Plaintiff's account was credited $200 on July 1, 2012, in accordance with Plaintiff's request. However, on December 5, 2012, the $200 was incorrectly disbursed to another inmate with the same name as Plaintiff, with the notation "release inmate." Plaintiff was still in prison and had not been released. The other Aaron Johnson, who had been released, cashed the check.

These allegations do not plausibly suggest a *federal* claim, though Plaintiff might have a state claim which he can pursue in the Illinois Court of Claims. Negligence alone does not violate the Constitution, McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010), and the intentional deprivation of property is not actionable under the Constitution if adequate remedies exist in state court, Parratt v. Taylor, 451 U.S. 527, 541 (1981). The Illinois Court of Claims provides an adequate remedy for the loss of Plaintiff's money. Loman v. Freeman, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction."); *see also* Davenport v. City of Chicago, 653

F.Supp.2d 885 (N.D. Ill. 2009)("Pursuant to state law, [Plaintiff] may file a tort claim in the Illinois Court of Claims for her property losses.")(other citations omitted). Accordingly, this case will be dismissed for failure to state a federal claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile for the reasons stated above. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present

on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**5) The clerk is directed to record Plaintiff's strike in the three-strike log.**

ENTERED:  June 26, 2014

FOR THE COURT:

**   s/Sue E. Myerscough   **
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
